Thaneshkisan **KATHIRAVELU**,
Petitioner,

v.

Alberto R. **GONZALES**, Attorney
General, Respondent.

No. 04–70410.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2006 *.

Filed Dec. 26, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Markandu S. Vigneswaran, Law Offices Of Markandu S. Vigneswaran, Hacienda Heights, CA, for Petitioner.

CAS–District Counsel, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Christopher C. Fuller, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, SILVERMAN, and TALLMAN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM **

Thaneshkisan Kathiravelu, a native and citizen of Sri Lanka, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which adopted and affirmed the Immigration Judge's ("IJ") order denying Kathiravelu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where the BIA affirms an IJ's order without opinion, we review the IJ's decision as the final agency action. *See Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004). We review a decision by the BIA that an applicant has not established eligibility for asylum, or that he or she is not eligible for relief under CAT, for substantial evidence. *See Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998). The burden of proof is higher for a claim of withholding of removal than for a claim of asylum and lack of eligibility for the latter precludes eligibility for the former. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999). We review the IJ's adverse credibility determination for substantial evidence. *See Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001).

"Although some of the factors the IJ relied upon are either unsupported or irrelevant, 'so long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding.'" *Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (quoting *Wang v. INS,* 352 F.3d 1250, 1257 (9th Cir.2003)). Both the IJ's conclusion that there were inconsistencies in Kathiravelu's description of his third arrest by Sri Lankan security forces

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and the IJ's conclusion that there were inconsistencies between Kathiravelu's account of his detentions and the descriptions in his aunt's letters are supported by substantial evidence and go to the heart of Kathiravelu's claims. Therefore, we hold that the IJ's adverse credibility finding is supported by substantial evidence.

■ Where the IJ provides a specific, cogent reason for questioning a petitioner's credibility, the petitioner must show that the remaining evidence compelled a contrary asylum claim conclusion. *See Chebchoub,* 257 F.3d at 1042. The documentary evidence Kathiravelu presented to support his claims does not independently compel us to grant Kathiravelu's asylum claim. *See id.* Because his asylum claim fails, Kathiravelu's claim for withholding of removal, which requires a higher standard of proof, fails as well. *See Singh–Kaur,* 183 F.3d at 1149.

■ To receive protection under CAT, a petitioner must prove that it is more likely than not that he would be tortured if removed to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). We have held that an adverse credibility finding in the asylum context does not end the CAT inquiry. *See Taha v. Ashcroft,* 389 F.3d 800, 802 (9th Cir.2004). Nowhere in his decision did the IJ consider the documented country conditions in Sri Lanka, which suggest the practice of torture of Tamil males remains common.[1] *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001). The IJ "conflated the burden of proof for an asylum claim with that for relief under the Convention" and failed to consider "all evidence relevant to the possibility of fu-

ture torture." *Id.* (internal quotation marks omitted). Therefore, we reverse and remand to the BIA for consideration of whether Kathiravelu would likely be subject to torture by the government if he is returned to Sri Lanka.

DENIED IN PART AND GRANTED IN PART; REMANDED WITH INSTRUCTIONS.

---

1. The most recent State Department Country Report on Sri Lanka seems to support Kathiravelu's CAT claim. *See* U.S. Dep't of State, Sri Lanka: Country Report on Human Rights Practices: 2005 (Mar.2005), *available at* http://www.state.gov/g/drl/rls/hrrpt/2005/61711.htm.

