**Vahid HASHEMI–HAFEZI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74602.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2006.

Filed June 13, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Joye L. Wiley, Ark & Wiley, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Thomas Benson, Dimitri N. Rocha, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

---

Before: KLEINFELD and BYBEE, Circuit Judges, and WHALEY,* U.S. District Judge.

### MEMORANDUM **

Appellant Vahid Hashemi–Hafezi ("Petitioner") petitions for review of the Board of Immigration's ("BIA") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The facts and proceedings are known to the parties and are only repeated here as necessary. The panel reviews for substantial evidence the factual findings underlying the BIA's determination that Petitioner did not qualify for asylum or withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). This standard is highly deferential. *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir.2006). Nevertheless, "[w]hile the substantial evidence standard demands deference to the IJ, [w]e do not accept blindly an IJ's conclusion that a petitioner is not credible. Rather, we examine the record to see whether substantial evidence supports that conclusion and determine whether the reasoning employed by the IJ is fatally flawed." *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002) (second alteration in original) (internal quotation marks omitted).

The IJ must have "a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994). A reason for disbelief "must be substantial and bear a legitimate nexus to the finding." *Gui*, 280 F.3d at 1225 (internal citation and quotation marks omitted). Accordingly, minor inconsistencies, *i.e.* those

---

* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

that do not relate to the basis of the applicant's alleged fear of persecution or go to the heart of the asylum claim, generally do not support an adverse credibility finding. *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006). Moreover, "[a]n IJ must also afford petitioners a chance to explain inconsistencies, and must address these explanations." *Id.* (citations omitted).

It logically follows that "speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence." *Ge v. Ashcroft,* 367 F.3d 1121, 1124 (9th Cir.2004) (internal quotation marks omitted). So long as one of the IJ's identified reasons for disbelief underlying an adverse credibility finding is supported by substantial evidence and goes to the heart of the claims of persecution, the panel is bound to accept the negative credibility finding. *Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir. 2004) (affirming adverse credibility finding even though some grounds were unsupported by the facts or irrelevant).

"To determine whether substantial evidence supports the [IJ's] credibility determination, we evaluate each ground cited by the [IJ] for [her] finding." *Wang v. Ashcroft,* 341 F.3d 1015, 1021 (9th Cir.2003). The IJ based her adverse credibility finding in her opinion on several inconsistencies in Petitioner's testimony and supporting evidence and on his demeanor. The bases mentioned include (1) Petitioner's failure to submit original and "properly authenticated" documents verifying his identity; (2) inconsistencies surrounding the date of and the amount of time he was detained during his first arrest; (3) a discrepancy regarding the amount of time he was held during his second arrest; (4) inconsistencies surrounding his passport, including the date it was issued and the reasons why this date was changed; (5)

the absence of any problems suffered by Petitioner's wife and daughter upon their return to Iran; (6) questions regarding the circumstances of Petitioner's arrival in the United States and his original reason for coming here; and (7) Petitioner's demeanor while testifying.

We find the first four grounds relied upon by the IJ are minor or cannot form the basis of an adverse credibility determination. The IJ's perceived inconsistencies concerning the fate of Mr. Hashemi's passport and the existence of copies of it, and her perceived inconsistencies concerning his birth certificate are minor and cannot support an adverse credibility determination. *Singh,* 439 F.3d at 1108 (citing *Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003); *Singh v. Ashcroft,* 362 F.3d 1164, 1171 (9th Cir. 2004)). As to the IJ's second ground for her adverse credibility determination, Petitioner's testimony about his first arrest is consistent with both his first and second declarations after his correction is taken into consideration. "Minor inconsistencies in the record such as discrepancies in dates which reveal nothing about an asylum applicant's fear for his safety" do not provide an adequate basis for an adverse credibility determination. *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988). Here, to the extent there is a discrepancy between "several days" and 14 days, it is minor and cannot form the basis for the IJ's credibility finding. *See id.*

As to the IJ's third stated ground, it is apparent from a close review of Petitioner's testimony and from the IJ's own opinion that Petitioner's testimony about his second arrest is generally consistent with his written declarations. As to the IJ's fourth stated ground for adverse credibility, the changes made to Petitioner's passport were to facilitate travel and entry into the United States, and they are

"incidental" to Mr. Hashemi's claim of persecution. *Akinmade v. INS,* 196 F.3d 951, 956 (9th Cir.1999). Moreover, those who are fleeing a repressive regime "are not always privy to details of how their families hold hostile authorities at bay or smuggle them out of danger. Absent information being distributed on a 'need to know' basis, there would be many fewer survivors of repressive regimes." *Arulampalam v. Ashcroft,* 353 F.3d 679, 688 (9th Cir.2003). Therefore, the testimony and evidence concerning the alterations to Petitioner's passport cannot form the basis of the IJ's adverse credibility determination.

Likewise, the treatment of Petitioner's wife, child, and other family members in Iran does not refute his claims of persecution. *Lim v. INS,* 224 F.3d 929, 935 (9th Cir.2000) (citation omitted), *but see Jahed v. INS,* 356 F.3d 991, 1001 (9th Cir.2004) ("The fact that [the petitioner's] relatives who remained behind have not been set upon is manifestly irrelevant!"). The IJ's finding that Petitioner testified that his siblings are all residing in Iran without any problems or difficulties with the authorities is false. Petitioner clearly testified that his wife's younger brother, just weeks before his hearing, told him on the phone that Petitioner's brother had been arrested recently. The court has allowed ongoing family safety to mitigate a well-founded fear of persecution in asylum cases, "particularly where the family is similarly situated to the applicant and thus presumably subject to similar risk." *Lim,* 224 F.3d at 935 (citations omitted). If evidence of the safety of family members remaining in a petitioner's home country does not necessarily harm a claim of persecution, then it certainly cannot serve as the basis for an adverse credibility determination. *See id.*

The bulk of the IJ's credibility determination appears to rest on Petitioner's stated reason for entering the United States, and the IJ's inability to believe that he would submit his wife to traveling to the United States in light of her fragile health. The IJ cannot discredit Petitioner's testimony based on his decision not to seek asylum in France or Mexico. This is not "a proper ground for undermining credibility." *Singh,* 439 F.3d at 1107 (citing *Ding v. Ashcroft,* 387 F.3d 1131, 1139–40 (9th Cir.2004)). Furthermore, the IJ's speculation that Petitioner's decision to continue traveling to the United States was more consistent with a desire to enter the country to receive medical care and her finding that Petitioner's explanation of why he did not tell the Border Patrol officials about his fear of persecution was neither credible nor reasonable are also unacceptable. Mr. Hashemi's misrepresentation, or, more accurately, his omission of his fear of persecution in Iran upon his arrival into the United States is "wholly consistent with his testimony and application for asylum: he did so because he feared deportation to [Iran]." *Guo v. Ashcroft,* 361 F.3d 1194, 1202 (9th Cir.2004) (quoting *Turcios v. INS,* 821 F.2d 1396, 1400–01 (9th Cir.1987)). The IJ's conclusion that Petitioner's failure to ask for asylum immediately was "simply unreasonable, unacceptable and implausible" is itself unreasonable.

The IJ also lastly relied Petitioner's demeanor as a basis for finding him not credible. The IJ wrote that Petitioner's testimony "more consistent with the memorized recital of a fabricated statement, than an honest recollection of truthful events" and in particular noted Petitioner "wore a smile on his face while he was discussing the alleged five months of torture" he experienced while detained.

This court is to "give special deference to a credibility determination that is based on demeanor." *Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999) (deferring to the IJ's "ability to differentiate between the usual level of anxiety and Petitioner's behavior, for example, 'literally jumping around in his seat'" as one of four factors supporting an adverse credibility finding) (quotation marks and citation omitted). However, we have also "stressed that 'labeling a finding one based on demeanor should not lead factfinders to believe that to make their findings almost totally unassailable they need only use the right incantation.'" *Id.* at 686 n. 5 (quoting *Paredes–Urrestarazu v. INS*, 36 F.3d 801, 818 (9th Cir.1994)).

Without referring to specific portions of the transcripts, the IJ described Petitioner's testimony as "consistent with an individual who was reciting a fabricated statement[.]" "It is improper for the IJ to have made generalized statements that do not identify specific examples of evasiveness or contradiction in the petitioner's testimony." *Id.* at 686 (discussing an almost verbatim finding based on demeanor). A close reading of Petitioner's testimony, even according "special deference" to the IJ, "creates such a doubt as to [the so-called demeanor finding's] validity that accepting it would be unreasonable." *Id.* (internal quotation marks and citation omitted) (alteration in original).

Although the IJ's credibility findings do refer to Petitioner's facial expression during one part of his testimony, "the IJ's impugning of the manner in which [Mr. Hashemi]'s testimony was delivered cannot displace the substantial evidence of its detailed and consistent content describing serious abuse." *Id.* (citing *In re B–*, 21 I. & N. Dec. 66, 70 (BIA 1995) ("[W]hen we view the demeanor problem within the context of the whole record before us, we are impressed with the indications of the applicant's truthfulness. The applicant's testimony was consistent throughout.")). The IJ also repeatedly interrupted and browbeat Petitioner in an antagonistic manner, lecturing him on perceived inconsistencies without giving him opportunity to fully respond, and she regarded as extraneous all of Petitioner's background leading up to his arrest, denying him the opportunity to become comfortable with testifying before having to discuss tortuous, brutal, and painful experiences. *See id.* at 687. Because the IJ's demeanor finding was based on general and vague aspects of Petitioner's testimony, and because it is not supported by substantial evidence, it is not an appropriate basis for an adverse credibility determination.

We recognize that "[a] single supported ground for an adverse credibility finding is sufficient if it relates to the basis for the petitioner's alleged fear of persecution and goes to the heart of the claim." *Singh*, 439 F.3d at 1108 (internal quotation marks and alterations omitted). An inconsistency goes to the heart of a claim for relief if it concerns events central to the petitioner's version of why he was persecuted and fled his home country. *Id.*

Petitioner submitted two detailed declarations and a correction sheet, and he testified over the course of two days regarding his circumstances in Iran and why he fled the country. In large part, all three of these recitations of events are totally consistent. "It is well settled in our circuit that minor inconsistencies that do not go to the heart of an applicant's claim for asylum cannot support an adverse credibility determination." *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir.2005). Because none of the seven grounds discussed by the IJ form an adequate basis for her adverse credibility finding, "[a] reasonable adjudicator would be compelled to con-

clude that the factual findings underlying the ... adverse credibility finding were not supported by substantial evidence." *Wang v. Ashcroft*, 341 F.3d 1015, 1022 (9th Cir.2003).

■ Petitioner also makes a due process challenge. We review claims of due process violations in deportation proceedings *de novo. See Hartooni v. INS*, 21 F.3d 336, 339 (9th Cir.1994). We will reverse only if the proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case," *Platero–Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir.1986), and the alien shows prejudice, *i.e.* the outcome of the proceedings may have been affected by the alleged due process violation, *see Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). Petitioner complains that the IJ took a partisan role in the hearing; the IJ limited his and his counsel's ability to present his claim by stipulating to certain facts, short-cutting questioning, and conducting the lion's share of the questioning; and he also objects to the IJ's request that he answer some questions in English.

The Due Process Clause does not preclude an IJ from asking questions of witnesses; indeed, an IJ is specifically empowered to do just that. *Antonio–Cruz v. INS*, 147 F.3d 1129, 1131 (9th Cir.1998) (citing *Calderon–Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir.1986)) (holding that IJ did not violate Due Process Clause by "vigorous[ly] questioning" petitioner); 8 U.S.C. § 1229a(b) (indicating that IJ can "interrogate, examine, and cross-examine the alien and witnesses" in removal proceedings). Mr. Hashemi does not show that any purported due process violation committed by the IJ prejudiced him. In *Antonio–Cruz*, the petitioner also complained of the IJ questioning him in a "harsh manner and tone." 147 F.3d at 1131. The court found this was not suffi-cient to allege a due process violation. Mr. Hashemi has not established a violation of his due process rights.

■ Petitioner's final contention is the IJ and BIA failed to separately consider his request for relief under the CAT. Petitioner is correct. Both the IJ and the BIA based their denial of Petitioner's CAT claim on the adverse credibility finding with respect to Mr. Hashemi's asylum claim. An adverse credibility finding in the asylum context does not end the CAT inquiry, for the two claims are analytically distinct. *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001) (stating "[w]e are not comfortable with allowing a negative credibility determination in the asylum context to wash over the torture claim.") (internal quotation marks and citation omitted) (alteration in original). This is so regardless of the IJ's basis for denying Petitioner's asylum claim because the Convention requires consideration of the relevant country conditions, and "proper attention" to those conditions "might lend credence to [a petitioner's] assertions of torture and cause the BIA to view them in a different light." *Id.* This reasoning is particularly apt in this case where the adverse credibility determination was not based on substantial evidence. *See Taha v. Ashcroft*, 389 F.3d 800, 802 (9th Cir. 2004).

Accordingly, the court remands for further proceedings consistent with its opinion. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."). The BIA must first have the opportunity to determine if there exist other grounds for finding Mr. Hashemi's testimony to be lacking in credibility, and then, if no such grounds exist, proceed to a determination of wheth-

er, on the basis of his testimony, Mr. Hashemi has met his burden of proving he is eligible for asylum.

The petition for review is **GRANTED** in part and **DENIED** in part, and **REMANDED** for further proceedings to determine whether, accepting his testimony as credible, Mr. Hashemi is eligible for relief for asylum, withholding of removal, and under the Convention Against Torture.

BYBEE, Circuit Judge, dissenting:

This is a close case. If we were deciding this issue without the benefit of the immigration judge's observations, I would be inclined to agree with my colleagues and grant the petition. However, the IJ observed that Petitioner's "demeanor appears to be more consistent with an individual who was reciting a fabricated statement that he [has] no personal experience of, or personal experience as claimed." The IJ concluded that the Petitioner was "not a credible witness." We should give "special deference" to such inferences based on demeanor. *Paredes–Urrestarazu v. INS,* 36 F.3d 801, 818 (9th Cir.1994).

Additionally, the IJ found several inconsistencies in Petitioner's testimony, some of which, for reasons the majority supplies, were either effectively explained by Petitioner or irrelevant. However, I would find that substantial evidence supports the IJ's adverse credibility determination with respect to Petitioner's contradiction as to the date and length of his first arrest and the alterations to his passport. Because these inconsistencies cast doubt on Petitioner's claim of political persecution, I would also find that they go to the heart of Petitioner's claim. *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). Because any one of these reasons is substantial evidence supporting the adverse credibility finding, *id.* at 964, I would deny the petition.

BYBEE, Circuit Judge, dissenting:

This is a close case. If we were deciding this issue without the benefit of the immigration judge's observations, I would be inclined to agree with my colleagues and grant the petition. However, the IJ observed that Petitioner's "demeanor appears to be more consistent with an individual who was reciting a fabricated statement that he [has] no personal experience of, or personal experience as claimed." The IJ concluded that the Petitioner was "not a credible witness." We should give "special deference" to such inferences based on demeanor. *Paredes–Urrestarazu v. INS,* 36 F.3d 801, 818 (9th Cir.1994).

Additionally, the IJ found several inconsistencies in Petitioner's testimony, some of which, for reasons the majority supplies, were either effectively explained by Petitioner or irrelevant. However, I would find that substantial evidence supports the IJ's adverse credibility determination with respect to Petitioner's contradiction as to the date and length of his first arrest and the alterations to his passport. Because these inconsistencies cast doubt on Petitioner's claim of political persecution, I would also find that they go to the heart of Petitioner's claim. *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). Because any one of these reasons is substantial evidence supporting the adverse credibility finding, *id.* at 964, I would deny the petition.