**Gulam HUSSEIN, Petitioner,**

**v.**

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 04–71265.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Nov. 9, 2007.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, Esq., Nelda C. Ackerman, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, REINHARDT, and RYMER, Circuit Judges.

MEMORANDUM **

Gulam Hussein ("Hussein"), a native and citizen of Burma, seeks review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") order denying Hussein's petition for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on an adverse credibility finding. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review.

We review the adverse credibility finding for substantial evidence. *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998).

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Although this standard is "extremely deferential," *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995)), we do "not accept blindly an IJ's conclusion that a petitioner is not credible. Rather, we examine the record to see whether substantial evidence supports that conclusion, and determine whether the reasoning employed by the IJ is fatally flawed." *Aguilera–Cota v. INS*, 914 F.2d 1375, 1381 (9th Cir.1990).

The IJ relied on four factors in reaching his adverse credibility finding: vagueness, inconsistencies, implausibility, and lack of corroborating documents.[1] A close review of the record reveals that the IJ's findings with respect to vagueness, inconsistencies, and implausibility are not supported by substantial evidence.[2] Because we find that "each of the IJ's ... proffered reasons for [the] adverse credibility finding fails, we must accept [the] petitioner's testimony as credible." *Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir.2004). Where an

applicant testifies credibly, failure to produce corroborating documents can not serve as the basis for an IJ's adverse credibility finding. *See Ladha v. INS*, 215 F.3d 889, 901 (9th Cir.2000). We therefore conclude that the IJ's adverse credibility finding is not supported by substantial evidence.

The BIA did "not adopt the Immigration Judge [sic] alternate holding that even if the respondent testified credibly he still would not have established eligibility for asylum."[3] We read the BIA's decision as determining that absent the adverse credibility finding, Hussein would have established eligibility for asylum. Accordingly, we remand for the exercise of the Attorney General's discretionary authority with respect to Hussein's asylum claim and for a determination of whether Hussein's credible testimony entitles him to a mandatory grant of withholding of removal. *See Duarte de Guinac v. INS*, 179 F.3d 1156, 1164 (9th Cir.1999).

---

1. The BIA did not adopt several of the examples cited by the IJ in support of his adverse credibility finding. We consider only the portions of the IJ's decision that were adopted and affirmed by the BIA. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002).

2. A few examples will suffice to demonstrate that the IJ's adverse credibility determination is not supported by substantial evidence. In support of his finding that Hussein's testimony was vague, the IJ explained that Hussein did not describe in detail the contents of political pamphlets that he distributed. However, Hussein testified that he was providing a "summary" of the content of the pamphlets and was not asked to provide further detail. In addition, the contents of the pamphlets were described in significant detail in the affidavit Hussein submitted with his asylum application. In support of his finding that Hussein's testimony was inconsistent, the IJ explained that Hussein described being hit in the back and head during his detention but then later stated that he was hospitalized due to leg injuries. Hussein, however, testified to

being hit *"from* my back," an allegation entirely consistent with injuries to the back of the legs. Moreover, leg pain is consistent with being hit in the back. In support of his finding that Hussein's testimony was implausible, the IJ speculated, without explanation, that Hussein could not have suffered injuries requiring two weeks of hospitalization and have delayed a week in seeking treatment due to the birth of his first child. This conclusion relied on unsubstantiated conjecture both about a deeply personal choice on the part of Hussein to be present at the birth of his child and about the relationship between the immediacy and length of a hospital stay and the seriousness of the underlying injury. We have, as we must, examined each of the other bases for the IJ's adverse credibility finding, including those raised in the dissent, and find them equally unsupported by substantial evidence in the record.

3. The "economic motive" finding by the IJ, adopted by the dissent, served as the basis for the IJ's alternate holding, which the BIA expressly rejected.

The IJ's adverse credibility finding also served as the basis for the denial of CAT relief. In denying Hussein's CAT claim, the IJ relied on his adverse credibility finding in the asylum context and failed to examine evidence of country conditions contained in the record. *See Taha v. Ashcroft,* 389 F.3d 800, 802 (9th Cir.2004); *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001). *See also* 8 C.F.R. § 208.16(c)(3) (requiring that the agency consider "*all* evidence relevant to the possibility of future torture" in reviewing a claim for CAT relief) (emphasis added). Accordingly, we remand for the BIA to determine whether Hussein is entitled to relief under the CAT, taking his testimony as credible and considering all evidence relevant to the possibility of future torture.

PETITION GRANTED AND REMANDED.

RYMER, Circuit Judge, dissenting.

I would deny the petition because the immigration judge (IJ) was not compelled to find Hussein credible, the IJ gave sufficiently specific reasons for his adverse credibility determination, and his findings were supported by substantial evidence. Among other inconsistencies or implausible explanations that mattered: Hussein gave three different versions for why he did not have a National League for Democracy membership card—the card was in Rangoon and his wife couldn't send it because it was too dangerous; she could not send it because he hid it; and he had actually destroyed the card. Although he was a courier for the NLD four or five times, he could not say where he picked up or delivered the documents. He indicated both that he refused to give up names of other NLD members when interrogated in 1991—and that he gave up names from his dorm. Although he got his masters degree in physics in 1988, and that was the highest level of study at the University, Hussein stayed in a dorm because he did not have a job until 1991, when he was involved in political activity. Hussein testified that he went into the hospital for two weeks when he was released from custody, but also that he was present at the birth of his daughter which occurred within the week after his release. Also, injuries inflicted when he was arrested were severe enough to require hospitalization for two weeks, but he did not admit himself into the hospital for a week. Further, there were hospital records, but they were in Rangoon. Finally, the IJ found that Hussein's motivation for coming to the United States was economic, not persecution, a finding that is supported by Hussein's testimony that he came to this country for opportunity. Given these inconsistencies and implausible scenarios, the IJ could well conclude that what Hussein said happened didn't happen. In these circumstances, a finding of past persecution was not compelled.