**Farah Mudathir Farah TAHA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73499.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2003.

Filed March 31, 2004.

Withdrawn Sept. 10, 2004.

Filed Nov. 19, 2004.

Raymond A. Cardozo, Jayne E. Fleming, Reed Smith LLP, Oakland, CA, Sam H. Hasan, Hasan Law Group, Falls Church, Virginia; Land Wayland, City of Industry, CA, for the petitioner.

John D. Williams, Julia K. Doig, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for the respondent.

Before: BEEZER and KOZINSKI, Circuit Judges, and SCHWARZER,* District Judge.

## ORDER

The petition for panel rehearing is granted. The opinion and dissent filed on March 31, 2004, and published at 362 F.3d 623 (9th Cir.2004), were withdrawn on September 10, 2004. A new opinion has been filed simultaneously with this order.

## OPINION

PER CURIAM.

Taha, a native and citizen of Sudan, petitions for review of a Board of Immigration Appeals (BIA) decision denying his applications for asylum, withholding of removal and protection under the Convention Against Torture. He claims that he was persecuted on account of his membership in the Umma political party and his opposition to the Sudanese government.

The immigration judge (IJ) denied Taha's requests for relief, finding that his testimony was not credible. On appeal, the BIA agreed with the IJ that Taha's credibility was "hampered" and "degraded." A.R. at 2. As a result, the BIA held that Taha had not demonstrated eligibility for any of the relief he sought.

1. The BIA offered two grounds supporting its decision that Taha was not credible. First, it noted that there were "unexplained and unresolved discrepancies between allegations in his testimony and his asylum application." *Id.* But, while it is true that Taha's testimony offered considerably more detail than his asylum application, there is nothing inconsistent about the two accounts. We have repeatedly held that the "failure to file an application form that was as complete as might be desired cannot, without more, properly serve as the basis for a finding of a lack of credibility." *Aguilera–Cota v. U.S. INS,* 914 F.2d 1375, 1382 (9th Cir. 1990); *see also Akinmade v. INS,* 196 F.3d 951, 956 (9th Cir.1999); *Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir.1996) ("It is

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

well settled that an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application.").

The BIA also "agree[d] with the Immigration Judge that [Taha's] lack of specificity in his testimony ... was not resolved by [Taha] and degraded his credibility." A.R. at 2. To the contrary, Taha's testimony concerning his torture at the hands of the Sudanese government was quite specific, oftentimes containing horrific details. *See, e.g., id.* at 133 ("They put handcuffs on your hands and put them back and they handcuff your legs. They have you sit on, you know, those small Pepsi bottles, they have you sit on top of that.... I stayed there [for] seven hours and—I mean, you're even embarrassed to go out on the street because your body from the rear is all blood and stuff.").

In sum, we conclude that the BIA exaggerated the significance of the "discrepancies" between Taha's testimony and his asylum application, and that it incorrectly determined that Taha's testimony was not specific. Thus, the BIA's adverse credibility determination was not supported by substantial evidence. *See Kebede v. Ashcroft,* 366 F.3d 808, 810–11 (9th Cir.2004).

 2. The BIA also erred by failing to independently evaluate Taha's Convention Against Torture claim. Both the IJ and BIA based their denial of Taha's Convention claim on the adverse credibility finding with respect to his asylum claim. In *Kamalthas v. INS,* 251 F.3d 1279 (9th Cir.2001), however, we held that an adverse credibility finding in the asylum context does not end the Convention inquiry. We noted that "[w]e are not comfortable with allowing a negative credibility determination in the asylum context to wash over the torture claim," *id.* at 1284 (quoting *Mansour v. INS,* 230 F.3d 902, 908 (7th Cir.2000)) (internal quotation marks

omitted) (alteration in original), as "proper attention to relevant country conditions might lend credence to [a petitioner's] assertions of torture and cause the BIA to view them in a different light." *Id.* This reasoning is especially applicable in the present case, where the adverse credibility determination was so flimsy. In light of *Kamalthas,* it is clear that the BIA's disposition of Taha's Convention Against Torture claim contravened established circuit law.

3. The case is remanded to the BIA for proceedings consistent with this opinion. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION GRANTED** and **CASE REMANDED.**