**Gegam Sereojadui PAPOIAN, Petitioner,**

**v.**

---

*** The Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–71480.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2005.\*\*

Decided March 10, 2005.

Ahmed M. Abdallah, Esq., Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., Terri J. Scadron, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM \*\*\*

Papoian appeals the Board of Immigration Appeals ("BIA") decision denying his claims for asylum and withholding of removal and denying his motion to remand. For the reasons stated below, we deny, in part, and grant, in part, Papoian's petition for review.

The BIA found that Papoian failed to meet his burden for establishing eligibil-

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ity for asylum and withholding of removal, insofar as he did not present sufficiently specific, detailed, or consistent testimony. The BIA noted six material discrepancies going to the heart of Papoian's claims. *See de Leon–Barrios v. INS,* 116 F.3d 391, 393–94 (9th Cir.1997). After reviewing the BIA's decision, we affirm the adverse credibility determination because it was based on substantial evidence and the BIA stated "specific cogent reason[s], which are substantial and bear a legitimate nexus to the finding." *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (internal quotations omitted).

Papoian's testimony was inconsistent with his own earlier testimony, with the testimony of his witness, and lacked specificity and details. Furthermore, Papoian failed to bolster his claims with easily available, material corroborative evidence. *See Chebchoub,* 257 F.3d at 1042 (noting that, "if the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application"). Accordingly, we affirm denial of Papoian's claims for asylum and withholding of removal, denying this part of his petition for review.

■ However, we must grant, in part, Papoian's petition for review because precedent requires us to remand to the BIA Papoian's motion to remand for consideration of relief under the Convention Against Torture ("CAT"). *See Kamalthas v. INS,* 251 F.3d 1279, 1282 (9th Cir.2001); *see also Taha v. Ashcroft,* 389 F.3d 800, 802 (9th Cir.2004) (per curiam). The BIA based its denial of the motion on the fact that Papoian reiterated his asylum and withholding of removal arguments without adequately resolving the credibility concerns. However, the BIA did not consider changed country conditions or other factors enumerated in 8 C.F.R. § 208.16(c)(3) when making its decision.

The Ninth Circuit has clearly stated that the BIA abuses its discretion when it rules that the petitioner's "failure to submit additional facts to rebut [an] adverse credibility determination precluded the establishment of a prima facie case for relief under [CAT]." *Kamalthas,* 251 F.3d at 1282; *see also Taha,* 389 F.3d at 802 (noting that "an adverse credibility finding in the asylum context does not end the [CAT] inquiry"). On remand, the BIA is to consider the country conditions and the other relevant factors under 8 C.F.R. § 208.16(c)(3) before deciding whether to grant or deny Papoian's motion to remand.

The petition for review is GRANTED, in part, and DENIED, in part.