**Parvis MOHAMMADY, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–71735.

United States Court of Appeals, Ninth Circuit.

Argued Aug. 13, 2004.\*\*

Submitted April 14, 2005.

Decided April 14, 2005.

Kaveh Ardalan, Esq., Law Offices of Kaveh Ardalan, Fullerton, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Wright, Esq., Blair T. O'Connor, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

MEMORANDUM \*\*\*

Parvis Mohammady, a native citizen of Iran, petitions for review of the Board of Immigration Appeals' summary decision affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and 28 U.S.C. § 2349(a), and we deny the petition for review.

We review credibility findings under a substantial evidence standard, and although we accord substantial deference to the IJ, the finding must be based on spe-

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cific, cogent reasons for any stated disbelief. *Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003). Substantial evidence supports the IJ's conclusion that Mohammady was not credible. Notably, the IJ concluded that it was inconsistent for Mohammady to claim in his application that he was mistreated all his life on account of being a Kurd and Sunni Muslim, while subsequently testifying that no one knew he was a Sunni except his wife, her mother and neighbors. Mohammady urges a different construction. However, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999) (citations and internal quotations omitted). Because identification of Mohammady as a Sunni Muslim strikes the heart of his claim, the IJ's decision is supported by substantial evidence.

Mohammady also raises the specter of a claim for ineffective assistance of counsel. However, since this argument has not been presented to the BIA for consideration, it is not properly before us. *See Liu v. Waters*, 55 F.3d 421, 426 (9th Cir.1995).

Finally, Mohammady claims the IJ failed to weigh the essential elements of his Convention Against Torture (CAT) claim and ignored testimonial and documentary evidence. Mohammady points to no evidence that suggests Kurdish Sunni Muslims are more likely than not subject to torture, and the Country Report indicates Kurds can be found in all walks of life in Iran, both in the private and public economic sectors as well as Iran's military and civilian establishments. Therefore, we find no reversible error in the IJ's CAT

determination. *Taha v. Ashcroft*, 389 F.3d 800, 802 (9th Cir.2004).

PETITION DENIED.

