**Semira Mohamed IBRAHIM, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75463.

United States Court of Appeals, Ninth Circuit.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Feb. 13, 2006.*

Decided March 14, 2006.

Teodora D. Harizanova, Teodora D. Purcell, Esq., Aguirre Law Group, APC, San Diego, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark B. Stern, Esq., Stephanie R. Marcus, Esq., U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Semira Mohamed Ibrahim, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") order denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing legal questions de novo, *see Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003), and the BIA's factual findings for substantial evidence, *see Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995), we deny the petition for review in part, grant in part, and remand for further proceedings.

The evidence does not compel the conclusion that Ibrahim's three-day detention, during which she was neither questioned nor physically harmed, rises to the level of past persecution. *See Prasad*, 47 F.3d at 339–40 (concluding that past persecution finding was not compelled where petitioner was briefly arrested, questioned, and beaten, and where his wife was harassed and family members were raped and murdered).

Nor does the evidence compel a finding that Ibrahim has an objectively reasonable fear of future persecution where Ibrahim testified that she feared future persecution due to her father's past arrest, and that he continued to reside in Ethiopia without further problems. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) (noting that "[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident").

Because Ibrahim failed to establish eligibility for asylum, she necessarily failed to establish eligibility for withholding of removal. *See Prasad*, 47 F.3d at 340.

We remand for a determination of Ibrahim's eligibility for CAT relief because the agency failed to analyze this claim. *See Taha v. Ashcroft*, 389 F.3d 800, 802 (9th Cir.2004) (per curiam) (requiring BIA to independently evaluate petitioner's CAT claim); *see also Mihalev v. Ashcroft*, 388 F.3d 722, 731 (9th Cir.2004) (remanding for consideration of CAT claim where IJ's reliance on his asylum analysis for the purposes of the CAT claim was in error given the different standards for asylum and CAT).

We do not consider Ibrahim's contentions that the IJ improperly considered the Ethiopian authorities' motives in finding

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

that she hadn't established conduct amounting to persecution, and that the IJ violated her due process rights by taking administrative notice of certain facts, as the BIA did not adopt the contested portions of the IJ's decision. *See Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000).

Ibrahim's remaining contentions are without merit.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**