Kamo AVDALYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72800.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2006.

Decided May 10, 2006.

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, B. FLETCHER and FISHER, Circuit Judges.

## MEMORANDUM *

Kamo Avdalyan, a Pentecostal citizen of Armenia, petitions for review of the BIA's affirmance of the Immigration Judge's denial of his applications for asylum, with-

holding of removal and relief under the Convention Against Torture (CAT). Avdalyan challenges the IJ's adverse credibility determination, arguing that it is not supported by substantial evidence. Avdalyan further contends that the IJ erred in failing to consider independently his CAT claim. We have jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo, see Vasquez–Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003), and the BIA's factual findings for substantial evidence, see Singh v. Ashcroft, 362 F.3d 1164, 1168 (9th Cir.2004). We deny the petition for review in part, grant it in part and remand for further proceedings. The parties are familiar with the facts, so we need not recite them in detail.

■ Because the BIA summarily affirmed the IJ through its streamlining procedure, we "look through the BIA's decision to examine the IJ's reasons for deeming the person not credible." Bandari v. INS, 227 F.3d 1160, 1165 (9th Cir.2000). Substantial evidence supports the IJ's adverse credibility determination. Among the numerous reasons the IJ cited for his adverse credibility finding was the inconsistency in Avdalyan's testimony regarding the locations of his first and second arrests. At the asylum hearing, Avdalyan testified that both arrests were at his pastor's house, whereas at his asylum interview he stated that the first arrest was at Samuel's house and the second at Varuzh's. When confronted with this inconsistency, Avdalyan offered numerous explanations: first, that Samuel lived with the pastor and that he had said the second arrest occurred there also; second, that the church had built a place for religious services that was considered "a part of our homes," and that his second arrest occurred there, at "our house, Varuzh's

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

house"; and finally, that Varuzh's house was attached to the pastor's house. In rejecting these explanations, the IJ concluded that Avdalyan "caught himself up in the toils of trying both to extricate himself from his testimony to the asylum officer and to reconcile it with his direct testimony before the court." *See Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir.2004).

Moreover, Avdalyan offered clearly contradictory accounts of the circumstances surrounding his third arrest. On direct examination, Avdalyan testified that he was arrested as he was about to enter the police station. On redirect examination, however, Avdalyan said that he was picked up by the police while walking towards the station and was placed in their car for a six to seven minute drive. In context of Avdalyan's overall testimony, the IJ's adverse credibility finding based on the obvious and significant inconsistency in Avdalyan's testimony was proper, notwithstanding that the IJ never directly confronted Avdalyan with the inconsistency. *Cf. Guo v. Ashcroft*, 361 F.3d 1194, 1200 (9th Cir.2004) ("We have previously determined that *unclear testimony* may not serve as substantial evidence for an adverse credibility finding when an applicant is not given the chance to attempt to clarify his or her testimony." (emphasis added)).

Although some of the other grounds the IJ relied on were arguably insufficient or improper, because at least one of the grounds the IJ properly cited is supported by substantial evidence and goes to the heart of Avdalyan's claim of persecution, "we are bound to accept the IJ's adverse credibility finding." *Li*, 378 F.3d at 964.

Because Avdalyan failed to establish eligibility for asylum, he also failed to meet the higher standard for withholding of removal. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995).

■ The IJ erred, however, in rejecting Avdalyan's CAT claim simply by relying on his reasons for rejecting Avdalyan's applications for asylum and withholding of removal. Contrary to our precedent, the IJ did not evaluate Avdalyan's CAT claim independently by paying attention to "all evidence relevant to the possibility of future torture," *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001), including, as may have been appropriate in this case, the country conditions report, *see Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir.2004) (per curiam). Because the IJ allowed his adverse credibility finding to "wash over the torture claim," *Taha v. Ashcroft*, 389 F.3d 800, 802 (9th Cir.2004), we remand for a proper determination of Avdalyan's eligibility for CAT relief, *see Mihalev v. Ashcroft*, 388 F.3d 722, 731 (9th Cir.2004).

We reject the government's argument that we do not have jurisdiction to evaluate Avdalyan's CAT claim because he failed to exhaust the issue below. Avdalyan's brief to the BIA explicitly stated that he was appealing all of the IJ's determinations, including the IJ's finding that Avdalyan was not eligible for CAT relief. That was sufficient for exhaustion. *See Zhang*, 388 F.3d at 721.

Avdalyan's unopposed motion for a 30-day extension of time to file his reply brief is granted. The clerk shall file the reply brief received on April 20, 2005.

**Petition for review DENIED in part, GRANTED in part and REMANDED.**