Gardawar **SINGH**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–76349.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 24, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anthony Nwosu, Esq., Law Offices of Anthony Nwosu, Emeryville, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Gardawar Singh, a native and citizen of India, petitions for review of a Board of Immigration Appeals ("BIA") decision adopting and affirming an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Where the BIA adopts the IJ's decision while adding its own reasons, we review

---

** This disposition is not appropriate for publication and is not precedent except as provid-

both decisions. *See Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence, *see Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000), and we deny the petition in part, grant in part, and remand.

■ Substantial evidence does not support the IJ's adverse credibility determination because the omission of details in Singh's application, along with the omission of details in his father's declaration, are not sufficient to uphold an adverse credibility finding. *See Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir.2000).

■ The BIA made an alternative finding that, accepting Singh's claim as true, the harm he experienced was not on account of a protected ground. Because Singh failed to present any evidence that the mistreatment by the police was on account of a protected ground, substantial evidence supports the BIA's finding. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044 (9th Cir.2004). Accordingly, Singh's asylum and withholding of removal claims fail. *See id.* at 1044–45; *see also Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Because the IJ's denial of CAT relief is based solely on the adverse credibility determination, substantial evidence does not support this finding. *See Taha v. Ashcroft*, 389 F.3d 800, 802 (9th Cir.2004).

Therefore, we deny the petition with respect to asylum and withholding, and we grant Singh's CAT claim, and remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

ed by 9th Cir. R. 36–3.

PETITION FOR REVIEW DENIED in PART; GRANTED in part and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.