MEMORANDUM **
Satnam Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Gonzalez-Hernandez v. Ashcroft, 336 F.3d 995, 998 (9th Cir.2003), and we deny in part and grant in part the petition for review.
Substantial evidence supports the agency’s determination that even if Singh established past persecution, the government rebutted Singh’s presumption of a well-founded fear of future persecution both by demonstrating changed circumstances in India, see Sowe v. Mukasey, 538 F.3d 1281, 1285-86 (9th Cir.2008) (agency rationally construed evidence in the record and provided a sufficiently individualized analysis of the petitioner’s situation), and by establishing Singh could reasonably relocate within India, see Gonzalez-Hernandez, 336 F.3d at 998-999. We reject Singh’s contention that the agency improperly shifted the burden of proof to him. Accordingly, Singh’s asylum and withholding of removal claims fail. See id. at 1001 n. 5.
*238 In its order, the BIA both stated it declined to reach the IJ’s adverse credibility determination, and relied on the adverse credibility determination to deny Singh’s CAT claim. Thus, substantial evidence does not support the agency’s denial of Singh’s CAT claim. See Taha v. Ashcroft, 389 F.3d 800, 802 (9th Cir.2004) (per curiam). We remand for the agency to address Singh’s CAT claim taking his testimony as true, or to address the IJ’s adverse credibility determination in the first instance.
The parties shall each bear their own costs on appeal.
PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.