**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NASIB SINGH, | No. 07-70963 |
| Petitioner, | Agency No. A079-610-564 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 21, 2010[**]
San Francisco, California

Before: HUG, BEEZER and HALL, Circuit Judges.

Nasib Singh ("Singh"), a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an

Immigration Judge's ("IJ") decision ordering him removed from the United States.

Sing had previously applied for asylum, withholding of removal and relief under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT").  The BIA affirmed the IJ's decision and concluded that Singh had not timely filed his asylum application and that he was not credible.

We have jurisdiction over this matter pursuant to 8 U.S.C. § 1252(a)(1), and we deny Singh's petition.

The facts of this case are known to the parties.  We do not repeat them.

## I

"When the BIA affirms and adopts an IJ's decision, [we review] the decision of the IJ."  *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009).

We will uphold the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir. 2005) (en banc) (internal quotation marks omitted).  Pursuant to 8 U.S.C. § 1252(b)(4)(B), substantial evidence exists "unless any reasonable adjudicator would be compelled to conclude to the contrary."

## II

In order to be eligible for asylum, an alien must "demonstrate by clear and convincing evidence that [the alien's asylum] application has been filed within 1

year after the date of the alien's arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).

Here, substantial evidence does not support the IJ's timeliness determination.[1]  Singh filed his asylum application months before he was served with a notice to appear.  At his hearing, Singh proffered affidavits from four individuals, his own testimony and the testimony of a witness present at the hearing that his application was timely.  All of this evidence was consistent and unrebutted.  These considerations  "compel[]" a finding contrary to that of the IJ.  8 U.S.C. § 1252(b)(4)(B).

### III

Still, despite our determination that Singh's asylum application was timely filed, substantial evidence supports the adverse credibility finding and the accompanying denial of Singh's applications.

Some key elements of Singh's narrative were vague.  For example, despite repeated questioning, Singh did not provide specific, coherent testimony regarding how he learned about his eldest son's disappearance in the city of Chandigarh.

---

[1] Contrary to the government's argument, we retain jurisdiction over this issue.  The IJ's timeliness determination was based solely on "the application of statutes or regulations to undisputed facts."  *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007).

Likewise, although Singh testified that he petitioned a human rights organization to help him locate his missing son and that he was arrested and held for seven days for his association with that organization, he could not remember the name of the organization. These vague descriptions surround several components at the heart of Singh's claim that he would suffer persecution upon returning to India. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000).

Singh's evasive and unresponsive testimony before the IJ also supports the adverse credibility finding. *See Wang v. INS*, 352 F.3d 1250, 1256–57 (9th Cir. 2003).

The IJ's observations that Singh appeared to be emotionally detached and was merely regurgitating memorized information lends further support to the adverse credibility finding. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999).

Singh also failed to produce reasonably obtainable documents in support of his testimony. Most notably, Singh provided no corroborating documentation, such as birth certificates or ration cards, that he had sons or that he petitioned a human rights organization to locate one of his sons. *See Aden v. Holder*, 589 F.3d 1040, 1045 (9th Cir. 2009) (holding that an immigration applicant "can be turned down for failing to provide corroboration where he does have it or could

reasonably obtain it").  Singh failed to provide any explanation as to why such documents could not be obtained.

In the aggregate, these considerations provide substantial evidence for the IJ's and BIA's adverse credibility finding.  Singh has not presented sufficient evidence to "compel[]" a contrary determination.  8 U.S.C. § 1252(b)(4)(B).

## IV

Singh also argues that the IJ and BIA erred by denying his CAT claim "based solely on [the IJ's] adverse credibility determination."[2]  Singh's assertion is at odds with the IJ's actual decision.  The IJ concluded that Singh failed to present "credible evidence that he would be tortured upon his return to India," and the country reports do not suggest a contrary result.  *See Taha v. Ashcroft*, 389 F.3d 800, 802 (9th Cir. 2004) (per curiam).

**DENIED.**

---

[2] We disagree with the government's assertion that we lack jurisdiction over this issue. Singh specifically and clearly challenged the denial of CAT relief in his appeal to the BIA.