**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAGOP SHAHIRIAN, | No. 10-70645 |
| Petitioner, | Agency No. A077-977-733 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2013
Pasadena, California

Before: NOONAN and WATFORD, Circuit Judges, and SMITH, Chief District Judge.[**]

Petitioner Hagop Shahirian, a native and citizen of Armenia, seeks judicial review of the Board of Immigration Appeals' ("BIA") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because Shahirian filed his application prior to May 11, 2005,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable William E. Smith, Chief Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

the REAL ID Act does not govern this case. *Joseph v. Holder*, 600 F.3d 1235, 1240 n.3 (9th Cir. 2010). Exercising jurisdiction under 8 U.S.C. § 1252, we review the BIA's factual findings for substantial evidence and questions of law de novo. *Zhang v. Gonzales*, 408 F.3d 1239, 1244 (9th Cir. 2005). We deny Shahirian's petition for asylum and withholding of removal, but remand his CAT claim for further proceedings.

**1.** Substantial evidence supports the IJ's and BIA's adverse credibility determination. Shahirian's inability to recall the specific contents of the fliers he was handing out—the very fliers that resulted in his alleged arrest and persecution—goes to the heart of his political asylum claim. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) (holding that the IJ's adverse credibility determination must be upheld "[s]o long as *one* of the identified grounds is supported by substantial evidence and goes to the heart of [the] claim of persecution." (emphasis added)). Accordingly, we need not address the IJ's other reasons for finding Shahirian not credible, and the asylum claim is denied.

**2.** Shahirian's failure to establish asylum eligibility necessarily dooms his withholding of removal claim. *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).

2

**3.** Shahirian's CAT claim, however, still survives. The IJ denied this claim on the basis of credibility alone. Because Shahirian only addressed the credibility finding on appeal, the BIA deemed the CAT claim waived.

Contrary to our precedent, the IJ did not evaluate Shahirian's CAT claim independently by paying attention to "all evidence relevant to the possibility of future torture," *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001), including the country conditions report, *see Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam). Because the IJ allowed his adverse credibility finding to "wash over the torture claim," *Taha v. Ashcroft*, 389 F.3d 800, 802 (9th Cir. 2004) (per curiam), we remand for a proper determination of Shahirian's eligibility for CAT relief, *see Mihalev v. Ashcroft*, 388 F.3d 722, 731 (9th Cir. 2004), and reject the government's argument that Shahirian waived the issue below. Shahirian's brief to the BIA explicitly stated that he was appealing the IJ's denial of his application for asylum, withholding of removal, and CAT relief. That was sufficient to preserve the issue for appeal. *See Zhang*, 388 F.3d at 721.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

Each party shall bear its own costs.