NOT FOR PUBLICATION

FILED

MAY 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VACHAKAN BALYAN, *et al*.<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-72378<br><br>Agency Nos. A075-734-728<br>A075-734-729<br>A075-734-730<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2014
Pasadena, California

Before: FARRIS and HURWITZ, Circuit Judges, and FRIEDMAN, Senior District
Judge.[**]

Vachakan Balyan, his wife Anahit Margaryan, and their son Vardan Balyan

petition for review of the decision of the Board of Immigration Appeals ("BIA" or

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]        The Honorable Paul L. Friedman, Senior District Judge, U.S. District
Court for the District of Columbia, sitting by designation.

"Board"), which affirmed an immigration judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture, and which also denied petitioners' motion to remand proceedings to the immigration judge. We have jurisdiction under 8 U.S.C. § 1252(a). Although we find no reversible error in the BIA's decision with respect to petitioners' claims for asylum and related relief, we conclude that the BIA abused its discretion in denying petitioners' motion to remand. We therefore grant the petition and remand for further proceedings.

I.

Vachakan Balyan, Anahit Margaryan, and Vardan Balyan are Armenian natives and citizens. They arrived in the United States as non-immigrant visitors in October 2000. The following month, Vachakan Balyan applied for asylum, naming his wife and son as derivative beneficiaries. An asylum officer denied Balyan's application, and the petitioners were placed in removal proceedings. Petitioners conceded removability but indicated that they wished to pursue Balyan's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In support of his application, Balyan presented evidence that Armenian government officials and individuals aligned with the government had subjected him to harassment, extortion, and physical abuse rising to the level of torture because of his political opinions.

The immigration judge ("IJ") denied the application for relief, primarily on the ground that Balyan had not testified credibly. Petitioners timely appealed to the BIA. While the appeal was pending, petitioners filed a motion to remand their case to the IJ to seek adjustment of status based on a relative visa petition. Petitioners asserted that their failure to pursue this relief before the IJ was the result of the ineffective assistance of their counsel.

The BIA dismissed petitioners' appeal, concluding that the IJ's adverse credibility determination was not clearly erroneous. The BIA also denied petitioners' motion to remand. Petitioners timely filed a petition for review.

II.

Where the BIA adopts the immigration judge's decision but adds its own reasoning, as it did here, we review both decisions. *Siong v. INS*, 376 F.3d 1030, 1036 (9th Cir. 2004). The factual findings underlying an IJ's adverse credibility determination are reviewed for substantial evidence and are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013) (quoting 8 U.S.C. § 1252(b)(4)(B)) (internal quotation marks omitted). We review the denial of a motion to reopen or to remand for abuse of discretion. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

## III.

Petitioners contend that the immigration judge erred in determining that Balyan had not testified credibly, and that the BIA erred in affirming that determination. The IJ based his adverse credibility determination on several grounds, including inconsistencies within the evidence Balyan presented, Balyan's submission of fraudulent documents (which were subsequently withdrawn), and a lack of corroborating evidence. Under the applicable pre-REAL ID case law, we must uphold the IJ's adverse credibility finding "[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the] claim of persecution." *Tekle v. Mukasey*, 533 F.3d 1044, 1052 (9th Cir. 2008) (internal quotation marks omitted). Because we find that at least one of the grounds identified by the IJ is supported by substantial evidence and goes to the heart of Balyan's claims, we affirm the agency's denial of asylum, withholding of removal, and CAT relief.

The IJ perceived several discrepancies between Balyan's initial asylum application and the evidence he presented at trial that "call[ed] into question the severity of the events that occurred, the source of the alleged persecution, and whether the alleged persecution was on account of a protected ground." Most notably, in the affidavit attached to his initial asylum application, Balyan alleged that he was harassed and abused by security officers and members of criminal

4

organizations associated with the government after he refused to build a mansion for a corrupt government official. Balyan stated that during one incident, "as an excuse to extort [him] more and more," his persecutors demanded that Balyan "stop supporting some opposing political parties." The affidavit is otherwise devoid of facts relating to Balyan's political activities or his persecutors' political motivations. In denying the asylum application, the asylum officer found that Balyan had not shown that he was persecuted on account of a protected ground.

In immigration court, Balyan submitted a supplemental declaration attesting to events that, if taken as true, would give rise to a political asylum claim. In contrast to the initial application, the supplemental declaration is replete with specific statements about Balyan's support for the opposition New Direction Party. Balyan stated that during *every* incident of persecution, his persecutors demanded that he stop supporting this party. Balyan also averred that police forced him to sign a document stating that he would never return and support the leader of the New Direction Party. The incidents of persecution described in his supplemental declaration are also more numerous, frequent, and severe than those described in his initial affidavit.

Although "an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application," *Taha v. Ashcroft*, 389 F.3d 800, 802 (9th Cir. 2004) (quoting *Lopez-Reyes v. INS*, 79 F.3d

5

908, 911 (9th Cir. 1996)), material inconsistencies between an applicant's testimony and his application may support an adverse credibility determination. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011)); *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003).

Discrepancies between the initial application and the applicant's testimony in court may be particularly suspicious where – as here – the new facts alleged can be fairly viewed as an attempt to alter and enhance an applicant's claim. *See Zamanov*, 649 F.3d at 973-74 (distinguishing between testimony that merely "elaborate[s] on events that had previously been referenced," and that which substantially changes the applicant's claims). It was not unreasonable for the IJ to draw a negative inference from the increase in the number of incidents of persecution and the new facts concerning the political motivations of Balyan's alleged persecutors. Nor was it error to conclude that the alterations in Balyan's account went to the heart of his claims, as they "concern[ed] events central to [Balyan]'s version of why he was persecuted and fled." *Don v. Gonzales*, 476 F.3d 738, 742 (9th Cir. 2007) (quoting *Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006)).

Because we conclude that the BIA's adverse credibility determination must be affirmed on this ground, we do not address whether the other grounds articulated by the agency for denying relief are supported by substantial evidence.

IV.

Petitioners also appeal the BIA's denial of their motion to remand for consideration of their ineffective assistance of counsel claim. Petitioners contend that their failure to seek adjustment of status based on a relative visa was due to the incompetent advice of their former attorney, who informed them that they could file for adjustment of status if and when Balyan's asylum application was denied, and who allegedly failed to notify the IJ of the relative visa despite Balyan's request that he do so.

Motions to reopen or remand are generally disfavored. *See INS v. Doherty*, 502 U.S. 314, 323 (1992).[1] The BIA need not reopen or remand a case simply to permit presentation of evidence previously available or request relief that could have been sought during the initial proceedings "if it appears that the alien's right to apply for such relief was fully explained to him or her and an opportunity to apply therefore was afforded at the former hearing[.]" 8 C.F.R. § 1003.2(c); *see Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 (9th Cir. 2001) (en banc) ("The purpose of a motion to reopen is to present new facts or evidence that may entitle the alien to relief from deportation."). Evidence of ineffective assistance of

---

[1] "Under BIA procedure, a motion to remand must meet all the requirements of a motion to reopen and the two are treated the same." *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir. 2003) (en banc).

counsel discovered after the hearing, however, may serve as a basis for reopening. *Iturribarria v. INS*, 321 F.3d 889, 895-97 (9th Cir. 2003).

To prevail on an ineffective assistance of counsel claim, a party generally must comply with the procedural requirements outlined in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). There is no dispute that petitioners satisfied the procedural requirements.

In addition, petitioners must show a substantive violation of their right to the effective assistance of counsel, which, in the context of a removal proceeding, is grounded in the Fifth Amendment's Due Process Clause. *Id.* at 638 (citing Ninth Circuit cases). "Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 834 (9th Cir. 2011) (quoting *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999)). Petitioners must also establish prejudice, *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir. 2002), by demonstrating "that the outcome of the proceeding may have been affected by the alleged violation." *Oshodi v. Holder*, 729 F.3d 883, 896 (9th Cir. 2013) (en banc) (quotation marks and emphasis omitted).

In his motion to remand, Balyan included a sworn affidavit stating that while he was consulting with his former attorney, Alary Piibe, about his asylum claim,

8

Piibe advised petitioners that they could seek adjustment of status through the relative visa if and when the asylum claim was denied: "[Piibe] always maintained that we have such option to seek asylum first and then ask for adjustment of status." Balyan also stated in his affidavit that on the morning of April 2, 2009 – the day after Balyan and his wife became eligible for adjustment of status, and the day that the IJ announced his decision on the asylum claim – Balyan asked Piibe, before the proceedings began, to inform the IJ of his eligibility to adjust his status through the relative visa.

Balyan attached to his remand motion two letters from Piibe, who contradicted certain portions of Balyan's account. Piibe asserted that Balyan never requested that he raise the issue of the relative visa petition with the IJ and stated that Balyan did not want him to inform the IJ of the approved petition. But Piibe did not contradict Balyan's allegation that he had advised petitioners that they would be able to pursue adjustment of status in a motion to reopen the case with the IJ if their asylum claim was denied. In fact, Piibe explained that after the IJ denied petitioners' asylum claim, Piibe offered to assist petitioners with such a motion.[2]

---

[2] Piibe's offer was inconsistent with the applicable regulations governing motions to reopen proceedings before the Immigration Court. *Compare* July 6, 2009 Letter from Alary E. Piibe ("If the respondent's (*sic*) truly wished to seek adjustment of status, they could have easily filed for such relief before the IJ in the form of a Motion to Reopen."), *with* 8 C.F.R. § 1003.23(b)(3) (providing

In denying petitioners' motion to remand, the BIA first noted that petitioners could not seek in a motion to remand relief that was available during the prior hearing. The BIA also rejected Balyan's ineffective assistance claim, relying on Piibe's letters indicating that Balyan had told him not to inform the IJ about the relative visa.

The BIA's decision is flawed in two respects. First, the BIA inexplicably credits statements in Piibe's letters over Balyan's sworn affidavit. Second, the BIA overlooks undisputed evidence that shows that Piibe provided petitioners with erroneous advice on the proper procedure for seeking adjustment of status.

We have made plain that the BIA may not make credibility determinations when evaluating affidavits attached to a motion to reopen or remand. *See Avagyan v. Holder*, 646 F.3d 672, 678-79 (9th Cir. 2011) ("The BIA and this court are under an affirmative obligation to accept as true the facts stated in [petitioner's] affidavit in ruling upon his motion to reopen unless [we find] those facts to be inherently unbelievable.") (internal quotation marks omitted); *Bhasin v. Gonzales*, 423 F.3d 977, 986 (9th Cir. 2005) ("We have long held that credibility determinations on motions to reopen are inappropriate."); *id*. at 986-87 ("As motions to reopen are decided without a factual hearing, the Board is unable to make credibility

that a motion to reopen may not be used to present evidence or seek relief that was available during the prior hearing).

10

determinations at this stage of the proceedings.") (internal quotation marks omitted).

Moreover, the agency's conclusion that Piibe was not ineffective is contradicted by the undisputed evidence in the record. Balyan avers that Piibe advised petitioners that they would be able to seek adjustment of status if and when their asylum claims were denied, and Piibe does not dispute that point. Indeed, Piibe's letters indicate that he remained under the mistaken impression that the denial of petitioners' asylum claims had no effect on their ability to raise adjustment of status claims. By following Piibe's advice, petitioners unknowingly waived their right to present the adjustment of status claims in immigration court. *Rodriguez-Lariz*, 282 F.3d at 1226. Because the government does not dispute that Balyan and Margaryan are eligible for adjustment of status, it is clear that the outcome of the proceeding "may have been affected by the alleged violation." *Oshodi*, 729 F.3d at 896.[3]

---

[3] Government counsel conceded at oral argument that ineffective assistance relating to adjustment of status would be prejudicial to Balyan and his wife. On remand, it is possible that the agency will determine that the erroneous advice of counsel was not prejudicial to their son, Vardan Balyan, who may be ineligible for adjustment on the relative visa. As the BIA did not reach the question of prejudice in its decision, we leave this question to the agency to address in the first instance.

11

We therefore grant the petition for review and remand to the BIA for further proceedings consistent with this decision.

**PETITION GRANTED; REMANDED.**