
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT BAGHDASARYAN,

　　　　　　　Petitioner,

　v.

JEFFERSON B. SESSIONS III, Attorney
General,

　　　　　　　Respondent.

No.　13-73656

Agency Nos.　　A097-359-552
　　　　　　　　A097-359-553
　　　　　　　　A097-359-554
　　　　　　　　A097-359-555

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 9, 2017
Pasadena, California

Before:　REINHARDT and NGUYEN, Circuit Judges, and MARBLEY,[**] District
Judge.

　　Robert Baghdasaryan, a national of Iran and citizen of Armenia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

withholding of removal, and relief under the Convention Against Torture ("CAT").

We review for substantial evidence, *Aguilera-Cota v. INS*, 914 F.2d 1375, 1378 (9th Cir. 1990), and we deny the petition for review in part, and grant and remand in part.

1. The BIA correctly concluded that Baghdasaryan's 2003 application for asylum was untimely under the one-year bar. INA § 208(a)(2)(D). Here, Baghdasaryan's application was not filed until almost two years after he arrived in the United States, and he is unable to demonstrate either material changed circumstances affecting his eligibility for asylum or extraordinary circumstances excusing his delay. *Id*. Accordingly, we deny the petition for review as to Baghdasaryan's asylum claim.

2. The BIA reviewed the IJ's adverse credibility determination and expressly adopted five of the findings the IJ articulated in support of that determination. We conclude that none of the grounds relied upon by the BIA is sufficient to find Baghdasaryan's testimony not credible.

First, the BIA adopted the IJ's finding that there were discrepancies between Baghdasaryan's affidavit and his testimony with respect to his role in the Armenian People's Party ("APP"). This conclusion is not supported by the record. There is no conflict between Baghdasaryan's statement in his affidavit that he was "a

2

member of the opposition party and a leader of its primary organization," and his later testimony that he was "the leader of the primary organization in my district." Moreover, the IJ erred by failing to address in a "reasoned manner" Baghdasaryan's plausible explanation for the alleged inconsistency, namely that the organization of the APP was such that one could be both a leader of its "primary organization" and a leader of a given district. *Osorio v. INS*, 99 F.3d 928, 933 (9th Cir. 1996).

Second, the IJ found that Baghdasaryan provided inconsistent testimony with respect to the year in which he joined the APP and the number of rallies he organized in 2001. These types of minor discrepancies "that do not relate to the basis of an applicant's alleged fear of persecution or go to the heart of the asylum claim, do not support generally an adverse credibility finding." *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006) (quoting *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir. 2003)). Additionally, we have noted that "[t]he ability to recall precise dates of events years after they happen is an extremely poor test of how truthful a witness's substantive account is." *Singh v. Gonzales*, 403 F.3d 1081, 1090-91 (9th Cir. 2005). Here, Baghdasaryan was being asked to recall events that took place over a decade prior, and there is nothing to suggest that Baghdasaryan's claim for relief is affected either by the exact year he joined the APP or the precise

3

number of rallies he organized. These alleged discrepancies therefore cannot provide substantial evidence that his testimony was not credible.

Third, the IJ found that Baghdasaryan had embellished his claim by testifying to three arrests that were not included in his original affidavit. We have held, however, that a "failure to state each and every ground for a claim of political asylum at the time of the initial application should not prejudice that claim." *Aguilera-Cota*, 914 F.2d at 1382. Moreover, Baghdasaryan was never provided with an opportunity to explain why he omitted the three additional arrests from his affidavit. The government acknowledges that Baghdasaryan was "not provided an opportunity to explain why his affidavit omitted the additional arrests," but argues that this was not error because "the issue is not about perceived inconsistencies, but rather significant omissions which embellished his claim." This reasoning is without merit, as we have never held that a petitioner need not be given a chance to explain perceived discrepancies between his affidavit and testimony. *Cf. Garrovillas v. INS*, 156 F.3d 1010, 1013-14 (9th Cir. 1998) (requiring that the BIA consider the petitioner's explanation regarding alleged inconsistencies between his asylum application and his testimony).

Fourth, the BIA adopted the IJ's finding that Baghdasaryan had provided "questionable" testimony because a large rally at which he claimed to have been

4

arrested was not included in the 2000 State Department Country Report. This finding also cannot support the adverse credibility determination, as the IJ failed to address in a reasoned manner Baghdasaryan's plausible explanation that the Armenian government suppressed such information. Additionally, the IJ's statement that "it is ridiculous" that the government could suppress information about the rally is unsupported by the record, and thus was impermissible speculation. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000).

Fifth, the IJ found that Baghdasaryan's testimony regarding his March 2001 detention was inconsistent with his affidavit. The IJ noted a number of alleged conflicts between the two accounts, but failed to provide Baghdasaryan with an opportunity to explain any of the perceived inconsistencies. *See Tekle v. Mukasey*, 533 F.3d 1044, 1053 (9th Cir. 2008). Additionally, the IJ improperly relied upon "omissions" in Baghdasaryan's affidavit to discredit his testimony with respect to the March 2001 incident. *See Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1254 (9th Cir. 2003) ("Omissions from asylum applications are often not a sufficient basis for discrediting later testimony."). The fact that Baghdasaryan gave a more in-depth account of his detention over the course of his lengthy immigration hearing than in his four-page affidavit does not mean that he can be found incredible. *See*

5

*Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000). A petitioner cannot be penalized simply for providing additional detail.

Finally, the BIA adopted the IJ's finding that Baghdasaryan failed to present evidence of his membership in the APP and political activities in Armenia. Because substantial evidence does not support the underlying adverse credibility determination, Baghdasaryan cannot be required to provide corroborative evidence. *See Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir. 2004) (holding that where enumerated reasons underlying an adverse credibility finding fail, no independent corroborative evidence is required).

3. Baghdasaryan additionally claims that the IJ and BIA failed to consider his request for relief under CAT as separate from his application for asylum and withholding of removal. He is correct. Both the IJ and the BIA based their denial of Baghdasaryan's CAT claim in large part on the underlying adverse credibility determination. This was legal error, as a "negative credibility determination" cannot be allowed to "wash over" a petitioner's claim for relief under CAT. *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (quoting *Mansour v. INS*, 230 F.3d 902, 908 (7th Cir. 2000). Such reasoning is particularly applicable in this case, where the adverse credibility determination itself was not based on

6

substantial evidence. *See Taha v. Ashcroft*, 389 F.3d 800, 802 (9th Cir. 2004) (per curiam).

4. Accordingly, we grant the petition for review in part and remand to the BIA for further proceedings to determine whether, accepting Baghdasaryan's testimony as credible, he is entitled to withholding of removal and relief under CAT. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

Petition **DENIED** in part; **GRANTED** and **REMANDED** in part.