**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| FERNANDO ALONSO GAMEZ-MONTOYA, AKA Fernando Gamez-Montoya,<br><br>              Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No.   19-71468<br><br>Agency No. A202-013-861<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2021[**]
San Francisco, California

Before: SCHROEDER and BADE, Circuit Judges, and JACK,[***] District Judge.

Fernando Alonso Gamez-Montoya, a native and citizen of Mexico, petitions

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We review the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

1. Substantial evidence supports the IJ's adverse credibility determination. The IJ found material, non-trivial inconsistencies between Gamez-Montoya's hearing testimony and his February 2015 credible fear interview with a law enforcement officer, in which he stated that he was "not at all" fleeing from any problems in Mexico and that he crossed the border simply "[b]ecause it is nice to be over here compared to being in Mexico." While Gamez-Montoya offers alternative explanations for these statements, nothing in the record compels us to adopt a conclusion contrary to that of the BIA. *See Pedro-Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("[F]or us to disturb the Board's decision, [a petitioner] must show that the evidence not only *supports* . . . but *compels* reversal." (quotation marks and citation omitted)).

Moreover, Gamez-Montoya's multiple voluntary returns to Mexico during the period when he was supposedly experiencing threats were inconsistent with his

statements to the IJ that he feared returning to Mexico. *See Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008) ("It is well established . . . that an alien's history of willingly returning to his or her home country militates against a finding of past persecution or a well-founded fear of future persecution."). As was his failure to apply for asylum during any of his previous crossings into the United States. Again, while Gamez-Montoya offers alternative explanations for his behavior, no evidence compels a finding that the BIA's adverse credibility determination was error. Accordingly, we reject Gamez-Montoya's argument that the agency's adverse credibility determination was unsupported by substantial evidence.[1]

2.      Substantial evidence supports the BIA's conclusion that Gamez-Montoya failed to demonstrate that he was more likely than not to be tortured by or with the acquiescence of a public official if he returned to Mexico. Gamez-Montoya argues that the agency improperly denied his CAT claim based solely on the adverse credibility finding. It is true that "an adverse credibility finding in the asylum context does not end the [CAT] inquiry," *Taha v. Ashcroft*, 389 F.3d 800, 802 (9th Cir. 2004) (per curiam), because a petitioner could still demonstrate CAT eligibility if the remaining record evidence, "standing alone, compel[s] the

---

[1] Apart from his challenge to the adverse credibility finding, Gamez-Montoya does not address the merits of the denial of his application for withholding of removal.

3

conclusion that [he] is more likely than not to be tortured," *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (quotation marks and citation omitted) (second alteration in original).

But the BIA did not base its decision regarding Gamez-Montoya's CAT claim exclusively on the adverse credibility finding. Rather, it held that "the evidence of record does not meet the applicant's burden to show that, if removed to Mexico, he would more likely than not be tortured at the instigation or with the acquiescence . . . of a public official acting in his or her official capacity." Thus, while the BIA did recognize that Gamez-Montoya's arguments for CAT relief relied on his own "testimony[,] which the [IJ] found not credible," it also indicated that it considered all the evidence in the record. *See Szonyi v. Whitaker*, 915 F.3d 1228, 1258 (9th Cir. 2019) ("[T]his court generally presumes that the BIA thoroughly considers all relevant evidence in the record.").

Gamez-Montoya argues that the BIA ignored evidence of past torture in the form of threats to inflict physical pain. But the BIA was not required to consider this issue because Gamez-Montoya failed to first raise it before the IJ. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019). While Gamez-Montoya points to additional evidence to dispute the BIA's rejection of his CAT claim, this evidence consists of generalized descriptions of corruption, organized crime, and political violence, and a handful of statements from Gamez-Montoya's friends and

4

relatives describing threats of violence based on "political differences." Nothing in this evidence "compels the conclusion that [Gamez-Montoya] is more likely than not to be tortured" if he returns to Mexico. *Dhital*, 532 F.3d at 1051.

**PETITION DENIED.**