
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAMPHYLS BATILA-BATILA,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.    15-71823

Agency No. A205-273-088

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2018[**]
Seattle, Washington

Before:  D.W. NELSON and WATFORD, Circuit Judges, and PREGERSON,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

Pamphyls Batila-Batila ("Batila-Batila" or "Petitioner"), a native and citizen of the Democratic Republic of Congo ("DRC"), appeals the Board of Immigration Appeals's ("BIA") decision upholding the Immigration Judge's ("IJ") denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we **deny in part** and **grant in part** the petition.

1. "A petitioner may . . . move to [remand] for the purpose of submitting a new application for relief, provided . . . the evidence sought to be offered is [1] material and [2] was not available and could not have been presented at the former hearing." *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063–64 (9th Cir. 2008) (citing 8 C.F.R. § 1003.2(c)(1)).[1] Evidence is material if it will aid a petitioner in "establish[ing] [a] prima facie [case] for relief," and it "addresse[s] . . . the key problems identified by the [immigration judge] in its initial order denying relief." *Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005). Evidence is unavailable if "it concern[s] events that did not occur until after the IJ hearing," *Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir. 2007) (citation omitted), or was otherwise

---

[1] Section 1003.2(c)(1) governs motions to reopen. "The formal requirements of a motion to remand and a motion to reopen are the same." *Romero-Ruiz*, 538 F.3d at 1063 (citation omitted).

not "reasonably available to the petitioner" at the time of the hearing, *Oyeniran v. Holder*, 672 F.3d 800, 808 (9th Cir. 2012) (citations omitted).

"[The Court] review[s] the BIA's denial of a motion to remand for abuse of discretion," *Romero-Ruiz*, 538 F.3d at 1062, and will only "reverse . . . if [the BIA's decision] is arbitrary, irrational, or contrary to law," *Singh v. I.N.S.*, 295 F.3d 1037, 1039 (9th Cir. 2002) (citation and internal quotation marks omitted).

In support of his motion to remand, Batila-Batila submitted a letter from his mother, certified translations of various documents from the DRC's Ministry of Justice, a letter from his doctor in the DRC, an expert country conditions statement, and an expert medical report evaluating his injuries.

Even if the evidence proffered is material to Batila-Batila's claims for relief, each piece "concerns events that allegedly occurred in [the DRC] well before his IJ hearing." *Goel*, 490 F.3d at 738; *see also Bhasin*, 423 F.3d at 987 (finding proffered testimony was unavailable because it "concern[ed] events that happened *after* the 'former hearing' before the IJ"). Because "the new information . . . was available and capable of discovery [before the] hearing," the BIA did not abuse its discretion in denying Petitioner's motion to remand. *Guzman v. I.N.S.*, 318 F.3d 911, 913 (9th Cir. 2003).

2. "In a post-REAL ID Act case [such as this], an IJ making a credibility finding considers the totality of the circumstances, and all relevant factors," including "the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence [in the] record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)) (internal quotation marks and brackets omitted). "We review . . . adverse credibility determinations[] for substantial evidence" and "will only overturn the IJ's conclusion when the evidence compels a contrary result." *Id.* (emphasis added) (citations and internal quotation marks omitted). "Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), adopts the IJ's findings, and] provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011) (citation omitted).

Here, the IJ and BIA based their adverse credibility determinations on three different grounds: (1) that during his initial interview with the immigration enforcement agent, Petitioner only expressed a fear of his stepfather and not the

4

DRC government, and that in his subsequent asylum applications, he never mentioned a fear of his stepfather; (2) that contrary to his claims that the DRC government persecuted him based on his political views, his dispute with his friend Bayinga, whose father was a general in the Congolese government, appeared to be over a woman; and (3) that the medical documents Petitioner provided appeared to have been altered to indicate he was treated in 2011 (in accordance with his testimony), when they were initially dated 2012.

As to the first ground, "[m]aterial [omissions] in the applicant's account of persecution are sufficient to support an adverse credibility finding." *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (citation omitted). With respect to the other two inconsistencies, Batila-Batila could not provide a satisfactory explanation of them. Because substantial evidence supports the IJ and BIA's adverse credibility determinations, and the record does not "compel[] a contrary result," we deny the petition on this ground. *Lai*, 773 F.3d at 970 (citations and internal quotation marks omitted).

3. In the absence of credible testimony regarding past persecution on account of his political opinion (or any other protected ground), Batila-Batila's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

4. With respect to his CAT claim, neither the BIA nor the IJ considered the country conditions evidence he submitted. Instead, the IJ and BIA based their denial of Petitioner's CAT claim on the adverse credibility finding. We do not permit "'a negative credibility determination in the asylum context to wash over the torture claim' . . . as 'proper attention to relevant country conditions might lend credence to [a petitioner's] assertions of torture and cause the BIA to view them in a different light.'" *Taha v. Ashcroft*, 389 F.3d 800, 802 (9th Cir. 2004) (quoting *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001)). Therefore, we grant the petition as to the CAT claim and remand for the BIA to reconsider that claim in light of the country conditions evidence submitted. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010) ("Because the BIA failed to consider the Country Report at all, the proper course of action is to remand with instructions that the BIA reconsider [petitioner's] CAT claim in light of the Country Report."); *Farkas v. Sessions*, 691 F. App'x 412, 415 (9th Cir. 2017) (citation omitted) (same).

**PETITION FOR REVIEW DENIED in part; GRANTED in part.**

Each party shall bear their own costs.